**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Luis ZAPIACH, M.D., on assignment from Jane S., <br><br> **Plaintiff,** <br><br> v. <br><br> **HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al.,** <br><br> **Defendants** | Civ. No. 15-cv-5333 (KM) <br><br> **MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

**Introduction**

The plaintiff, a physician, brings this action as assignee of his patient, Jane S., to recover reimbursement from Horizon Blue Cross Blue Shield of New Jersey on an out of network ("OON") claim. Jane S. had insurance through a Horizon small group health benefit plan via her husband's employer, National Mechanical Services, LLC (the "NMS Plan"). Zapiach billed $35,000 for his services in connection with reconstructive surgery. Horizon calculated the reimbursable charges as $5694.

Zapiach's complaint asserts four claims:

(1) state law breach of contract;

(2) failure to make payment under ERISA plan, 29 U.S.C. § 1132(a)(1)(B);

(3) breach of fiduciary duty under ERISA, 29 U.S.C. §§ 1132(a)(3), 1104(a)(1), 1105(a);

(4) failure to maintain reasonable claims procedures under 29 C.F.R. § 2560.503-1.

1

Horizon moves to dismiss the complaint under Rule 12(b), Fed. R. Civ. P. For the reasons set forth below, the motion is granted in part and denied in part.

Rule 12(b)(1) governs issues of standing. Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438. Here, the parties rely only on the complaint and matters relied upon in it, or attached to it.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at

570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

**Analysis**

Horizon asserts four grounds for dismissal. I discuss them in order.

1. **ERISA Preemption**

Horizon moves to dismiss Count 1, the state law contract claim, because it is preempted by ERISA. Horizon is correct that Section 514 of ERISA contains an extraordinarily broad preemption of "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). *See also Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001).

Zapiach concedes that Count 1 is preempted, and consents to dismissal. (ECF no. 10 at 7–8) He states that Count 1 was pled in the alternative in case the plan was not covered by ERISA. Because Horizon acknowledges that this is an ERISA plan (and removed the case from state court on that basis), the state law contract claim has no further utility.

Accordingly, Count 1 is dismissed on consent.

2. **Patient Assignment – Standing to pursue Count**

ERISA confers standing to sue on a plan "participant," "beneficiary," or "fiduciary." 29 U.S.C. § 1132(a). Dr. Zapiach is not the ERISA plan participant; his patient, Jane S., is. He sues as assignee of Jane S.  Horizon, in its motion to dismiss, asserts that this assignment is inadequate to confer standing on the doctor to pursue a Section 502 claim for benefits, such as the one asserted in Count 2.

In 2013, I wrote that this issue had divided the judges of this District, but that the Third Circuit had not spoken definitively. *See NJSR Surgical Center, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 979 F. Supp. 513, 522-24 (D.N.J. 2013) (citing cases, but noting that the assignment proffered by plaintiff would likely suffice, and permitting amendment). Horizon's brief notes that *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165 (3d Cir. 2014), had stated in a footnote that benefits were generally assignable under ERISA. 751 F.3d at 176 n.10. The scope and nature of such an assignment, however, remained unclear.

Events have overtaken us. The Third Circuit has decided cases, both precedential and non-precedential, which have brought more clarity to the issue. *See N.J. Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015); *American Chiropractic Ass'n v. American Specialty Health Inc.*, 625 F. App'x 169, 175 (3d Cir. 2015).

*N.J. Brain & Spine* considered what kind of assignment would suffice: "[Provider] argues that an assignment of the right to payment is sufficient. [Insurer], by contrast, urges us to hold that an assignment must explicitly include not just the right to payment but also the patient's legal claim to that payment if a provider is to file suit." 801 F.3d at 372. The Third Circuit accepted the provider's position that "when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment." *Id.*

In *American Chiropractic,* a non-precedential opinion, the Third Circuit applied and elaborated on its earlier holdings:

> Here, Clarke received an assignment from his patients "authoriz[ing] payment of medical benefits to High Street Rehabilitation, LLC for all services rendered." JA 78. We recently held that an assignment of the right to payment also assigns the right to enforce that right by bringing suit under ERISA to collect money owed. *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, No. 14–2101, 801 F.3d 369 (3d Cir. 2015). Such an assignment "serves the interest of patients by increasing their access to care" and

4

> reduces the likelihood of medical providers "billing the beneficiary directly and upsetting his finances." *CardioNet*, 751 F.3d at 179 (quotation marks omitted). Moreover, the right to enforce recognizes that, as compared to patients, most providers "are better situated and financed to pursue an action for benefits owed for their services." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1352–53 (11th Cir. 2009) (quotation marks omitted).

625 F. App'x at 174–75.

Horizon's motion rests on the view of some courts in this district that, to confer standing, an assignment must be complete—*i.e.*, the doctor must take on all of the liability, and the patient's financial responsibility must be extinguished. *American Chiropractic*, non-precedentially but persuasively, read the Third Circuit cases to imply the contrary. It held that the doctor/assignee's standing to sue did not depend on whether the patient remained financially responsible under the terms of the assignment. *Id.* at 175.

Jane S.'s "Assignment of Benefits and Ltd. Power of Attorney" (the "AOB") is attached to the Complaint.[1] It provides, *inter alia*:

> I irrevocably assign to you, my medical provider, all of my rights and benefits under my insurance contract for payment for services rendered to me, including but not limited to all of my rights under "ERISA" applicable to the medical services at issue. I authorize you to file insurance claims on my behalf for services rendered to me and this specifically includes filing arbitration/litigation in your name on my behalf against the PIP carrier/health care carrier. I irrevocably authorize you to retain an attorney of your choice on my behalf for collection of your bills. I direct that all reimbursable medical payments go directly to you, my medical provider. I authorize and consent to your acting on my behalf in this regard and in regard to my general health insurance coverage and I

---

[1] Whether considered facially under Rule 12(b)(1) or under 12(b)(6), the assignment is not extrinsic to the complaint, and is therefore properly before the court. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

5

specifically authorize you to pursue any administrative appeal conducted pursuant to "ERISA".

(ECF no. 1-1 at 23 (Ex. B))

Horizon appears to concede that, post-*N.J. Spine,* this assignment of benefits confers standing on the doctor to pursue a claim for benefits. (ECF no. 12 at 3) I agree. Horizon's motion to dismiss, insofar as it is based on this second ground, is denied.

### 3. Assignments and non-benefit-related relief in Counts 3 and 4

Horizon next contends that, even if the assignment confers standing to pursue a claim for benefits, it does not confer standing to pursue other relief. Thus, says Horizon, the assignment says nothing about pursuing claims such as those in Counts 3 and 4: breach of fiduciary duty pursuant to ERISA Section 404, 29 U.S.C. § 1104, or violation of Section 505, 29 U.S.C. § 1105, and regulations thereunder, 29 C.F.R. § 2560.503-1. That issue, it says, is not settled by the Third Circuit cases cited above.

In support, Horizon cites *Premier Heath Center, PC v. United Health Group,* 292 F.R.D. 204 (D.N.J. 2013). *Premier* involved a careful parsing of the scope of assignments with the full benefit of a summary judgment record. It held, for example, that an assignment of benefits was narrower than a general designation of representative to pursue litigation on the patient's behalf. To imply such a power, moreover, would in effect grant the doctor power to sue for claims yet unknown, based on services yet to be provided. *Id.* at 218–19.[2]

Dr. Zapiach points to some general language in the AOB to the effect that he is authorized to act "in regard to [Jane S.'s] general health insurance

---

[2] Other cases cited by Horizon are likewise dependent on the particular scope of the assignments. *In re WellPoint, Inc. Out-Of-Network UCR Litigation,* 903 F.Supp.2d 880 (C.D. Cal. 2012) (dismissing claims for equitable relief under ERISA because alleged assignments of benefits were limited to right to collect benefits); *Biomed Pharms., Inc. v. Oxford Health Plans (NY), Inc.,* 775 F.Supp.2d 730, 736 (S.D.N.Y. 2011) (dismissing § 1132(a)(3) claims under ERISA where assignment was limited to recover of "damages for services rendered" and not the right to seek declaratory and injunctive relief); *Eden Surgical Ctr. v. B. Braun Med., Inc.,* 420 F. App'x 696, 697 (9th Cir. 2011) (affirming dismissal of non-disclosure claims under § 1132(c) because only the right to collect benefits had been assigned).

coverage" and may "pursue any administrative appeals." Whether that is, as he says, a general transfer of rights under the plan is problematic. It cannot, however, be settled on a motion to dismiss, but must await factual development.

The motion to dismiss Counts 3 and 4 on standing grounds is therefore denied, subject to renewal on summary judgment.

### 4. Legal sufficiency of Counts 3 and 4

Finally, Horizon challenges the legal sufficiency of Counts 3 and 4. It is not at all clear that they add anything to the relief sought in Count 2. Indeed, Zapiach seems to concede as much, and urges the Court to leave them intact simply as a vehicle for such relief as may seem advisable after factual exploration of the claims in discovery. Horizon, while making cogent arguments, has not cited a case on point that requires dismissal as a matter of law. I will therefore deny the motion to dismiss, again subject to renewal of these contentions on summary judgment.

## CONCLUSION

For the foregoing reason, Horizon's motion to dismiss is GRANTED on consent as to Count 1, and denied as to Counts 2, 3, and 4. An appropriate order accompanies this opinion.

Dated: February 29, 2016

_____
KEVIN MCNULTY
United States District Judge